# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-50457
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS GRACIANO RAMIREZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-310-1

————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Santos Graciano Ramirez appeals the 15-month sentence imposed for his conviction of being found in the United States without permission, following removal. He contends that his sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2, the Guideline applicable in his case, overstates the seriousness of what

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

essentially is a non-violent international trespass and double counts prior convictions in the offense level and criminal history calculation.[1]

Ramirez did not object to the reasonableness of his sentence in the district court. He contends that an objection was not required to preserve his arguments for appeal. However, his argument is foreclosed. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). We will review the sentence for plain error only. *Id.* To show plain error, Ramirez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Ramirez's sentence fell within his advisory sentencing guidelines range and is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Ramirez argues that his sentence should not be accorded a presumption of reasonableness because § 2L1.2, is not derived from empirical data. However, his argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

This court has rejected Ramirez's arguments that § 2L1.2 renders a sentence unreasonable due to double counting or overstating the seriousness of the illegal reentry offense. *See Duarte*, 569 F.3d at 529-31; *United States v.*

---

[1] At the time Ramirez was sentenced for the instant offense, the district court revoked a term of supervised release Ramirez was serving for a prior offense. It sentenced Ramirez to a six-month term of imprisonment, which it ordered to run consecutively to the sentence for the instant offense. In his brief, Ramirez argues that the district court failed to state adequately its reasons for imposing a consecutive revocation sentence. He also contends that the concurrent revocation sentence, when combined with the sentence for the illegal reentry offense, was greater than necessary to achieve the sentencing goals of § 3553(a). Those arguments are not properly before this court because Ramirez's appeal from his revocation sentence was dismissed for want of prosecution. *United States v. Ramirez*, No. 15-50495 (5th Cir. June 8, 2015).

No.15-50457

*Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). At sentencing, the district court considered the relevant § 3553(a) factors, the advisory sentencing guidelines, the facts of Ramirez's case, and Ramirez's mitigating arguments. It determined that a sentence within the advisory guidelines range was sufficient to achieve the sentencing goals of § 3553(a). Ramirez's disagreement with the propriety of his sentence and the court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his sentence. *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, Ramirez has not established plain error.

The judgment of the district court is AFFIRMED.